IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS LEE MORRISON,

    Petitioner,                     No. CIV S-06-0284 MCE EFB P

    vs.

TOM CAREY, Warden,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

                              /

       Petitioner is a state prisoner without counsel serving an indeterminate life term for murder. He seeks a writ of habeas corpus, *see* 28 U.S.C. § 2254, alleging that he was improperly denied parole. The matter is currently before the court on the respondent's May 10, 2006, motion to dismiss. Respondent argues that the petitioner has no liberty interest in parole. Alternatively, he argues that if there is such an interest, petitioner "does not contest that he received the process due to him under clearly established Supreme Court authority." Mot. at 3. For the reasons stated below, the court finds that petitioner has a federally-protected liberty interest in parole and he has stated a claim sufficient to overcome the current motion.

       On April 1, 1974, petitioner was convicted of first degree murder. He was sentenced to a term of seven years to life in prison. Ex. 9 to Pet. at 2. The judgment was affirmed on appeal and petitioner's post-conviction challenges to the judgment were denied. Pet. at 3-4.

1

On December 17, 2003, petitioner was found unsuitable for parole. The panel found that the crime was committed in an especially cruel and callous manner, and that petitioner had an extensive history of criminal violence which includes a pattern of escalating criminal conduct and violence. Indeed, the panel noted that the petitioner was on parole at the time this crime was committed. In addition to his unstable social history, the panel found that petitioner had not completed the programming necessary for him to succeed on parole. Ex. 12 to Pet. at 92-99. Petitioner asserts that the findings are not supported by "some evidence" which, as discussed below, is an irreducible minimum to sustain a denial of parole under federal constitutional law.

A federal court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985), *cert. denied*, 478 U.S. 1021 (1986) (federal habeas relief available only where "the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state courts."). This court cannot grant habeas relief unless the state court's adjudication resulted in a decision that was contrary to or an unreasonable application of federal law as clearly established by the United States Supreme Court, or in a decision that was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d)(1), (2). "Clearly established federal law" is defined as the holdings of the United States Supreme Court existing when the state court issued its decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Under Ninth Circuit precedent, Circuit law is "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law. *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003); *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999).

Respondent argues that the petition must be dismissed for lack of subject matter jurisdiction "because California's parole statue, California Penal Code section 3041, does not give rise to a federally protected liberty interest." Respondent's Mem. of P. & A. at 3.

However, the Ninth Circuit has held that California prisoners have a federally protected liberty interest in release to parole. *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006). Respondent further agues that even if there is a federally-protected liberty interest to parole under California's parole system, petitioner received notice and an opportunity to be heard. This, argues respondent, is all the process that is due. However, the Ninth Circuit has held that to satisfy due process for purposes of a challenge brought under 28 U.S.C. § 2254 there must be "some evidence" to support the decision to deny parole. *Sass*, 461 F.3d at 1129 ("To hold that less than the some evidence standard is required would violate clearly established federal law because it would mean that a state could interfere with a liberty interest-that in parole-without support or in an otherwise arbitrary manner"); *see also McQuillon v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002).

Under these standards, both of respondent's contentions fail. Plaintiff has a liberty interest in parole. He has also alleged that his right to a fair process for consideration of release on parole has been violated because the record shows there is not "some evidence" to support the 2003 decision finding him unsuitable and denying release to parole. Therefore, petitioner states a claim that is cognizable under 28 U.S.C. § 2254.

Accordingly, it is hereby RECOMMENDED that respondent's May 10, 2006, motion to dismiss be denied and that respondent be directed to file and serve an answer to the petition within 30 days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the

////

////

3

specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 1, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE